## FULLWOOD v. BLANDING.

1. Parol testimony is admissible to show that an assignment in writing of a bond and mortgage was intended only to secure the assignee from the payment of a debt, then in suit, which might be made a charge upon a tract of land that day purchased by the assignee from the assignor. Such testimony is inadmissible to contradict, alter, or vary the terms of a written instrument, but may be introduced to explain their object and intent.
2. Findings of fact by the Circuit Judge, upon written testimony submitted to him, approved.

Before PRESSLEY, J., Sumter, February, 1886.

This was an action by W. J. Fullwood, assignee, to recover from W. D. Blanding, as administrator, &c., the balance realized from a mortgage of H. M. Pringle, after payment of a debt to the executor of Edward A. Fullwood. The complaint alleged that the purpose of the assignment by plaintiff's assignor to defendant's testatrix, was to secure said testatrix from having to pay this debt to protect her title and possession to a tract of land purchased by her from the assignor ; and that, therefore, this debt being paid, the surplus belonged to plaintiff, as subsequent

assignee of the mortgage. The terms of that assignment were as follows:

For value received I, James A. Fullwood, of Navarro County, Texas, have assigned, transferred, and set over, and by these presents do assign, transfer, and set over to my daughter, Martha L. Brown, wife of Abner W. Brown, the bond of Henrietta M. Pringle to me, in the penal sum of $1,900, dated 30th March, 1869, conditioned to pay nine hundred and twenty-five dollars on the 1st January, 1870, with interest from date at the rate of twelve per cent., credited on 6th December, 1873, with sum of $330.12.

Also the mortgage of said Henrietta M. Pringle to me of 500 acres of land upon Rocky Bluff Swamp, dated the 31st March, 1869, recorded in register's office, Sumter County, book S, p. 464 and 5.

The above assignment is however made, and said bond and mortgage is to be held hereunder, subject to the order which has been made, and any decree or judgment which may be made, in the case of Edward A. Fullwood, or his executor, *v.* James A. Fullwood, administrator of estate of Peter E. Perritt, and others.

Witness my hand and seal this 23d November, 1878.

J. A. FULLWOOD. [SEAL.]

Signed, sealed, and delivered in the presence of—

H. M. REAMES,

C. H. JONES.

All other matters necessary to a full understanding of the case are stated in the opinion.

*Messrs. Haynsworth & Cooper* and *J. D. Blanding*, for appellant.

*Mr. Jos. H. Earle*, attorney general, contra.

March 19, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. On November 23, A. D. 1878, one James A. Fullwood conveyed to his daughter, Martha L. Brown, a certain tract of land in Sumter County, containing some 1,051 acres, and on the same day he assigned to the said Martha a certain bond of Henrietta M. Pringle in the penal sum of $1,900, conditioned to pay $925, with interest at 12 per cent., credited with $330.12 December 6, 1873, with a mortgage on 500 acres of land to secure the same. At the time of the execu-

tion of these papers an action had been brought by Edward A. Fullwood against the said James A. Fullwood and others for an account by him as administrator of one Peter Perritt, and the tract of land conveyed to Martha was declared in the conveyance to be taken and held subject to the order, or any decree or judgment, which might be made in the case of the said Edward A. Fullwood against James A. Fullwood, as administrator of Peter Perritt, and the assignment of the bond and mortgage of Henrietta Pringle was made subject to the same provision. The consideration specified in the conveyance of the land was $500 ; the assignment was for "value received." The warranty in the conveyance was against James A. Fullwood and his heirs only. On September 30, 1879, Martha Brown compromised the Edward A. Fullwood action at $536.45, which sum she paid in full of said claim.

On June 2, 1885, James A. Fullwood assigned all of his right, title, and interest in and to the Henrietta Pringle bond and mortgage to the plaintiff, W. James Fullwood. Martha Brown died in 1884, leaving a will, of which her husband, Abner Brown, was the executor, and he having died, the defendant, Blanding, became the administrator with the will annexed, *de bonis non*, of the said Martha. The action below was instituted by the plaintiff, assignee, to recover the balance of the Henrietta Pringle bond, after deducting the sum of $536.45 paid by Martha L. Brown in compromise of the Edward A. Fullwood claim above, the plaintiff alleging that the assignment of this bond and mortgage was only to secure Martha L. Brown the tract of land which she had purchased from her father against the said Edward A. Fullwood claim, and that said claim having been settled at $536.45 out of the Henrietta Pringle bond, the balance of said bond belonged to the father, who had transferred the same to the plaintiff. After the death of Mrs. Brown, the defendant, appellant, administrator, &c., foreclosed the Henrietta Pringle mortgage, and received from the master $1,500, proceeds of sale of the mortgaged premises.

The case seems to have been heard by his honor, Judge Pressley, upon testimony taken by the master and reported to the court, who ordered and adjudged that the defendant should pay to the

plaintiff, or his attorney, the full amount of the proceeds of sale of the mortgaged premises, and all other moneys collected by him on said claim, except the sum of $536.45, with interest thereon from September 30, 1879, and such costs and fees as he may have paid in foreclosing said mortgage, &c. It appears that this decree was founded principally upon the testimony of one Reams, and the appeal presents to this court two questions applicable to this testimony : *First.* That his honor violated the rule of law which excludes parol testimony, intended to vary, alter, &c., written contracts in admitting the testimony of Reams. *Second.* Even if this testimony was admissible on the theory that it was not intended to vary or contradict the assignment, but was simply to show the intent of the parties in the transfer of the bond and mortgage, to wit, that it was collateral and defeasible, and not absolute, yet in that respect it was wholly insufficient, it not being clear and convincing, as required by the law in such cases.

The conveyance and the assignment were executed in the office of Col. James D. Blanding, of Sumter. Mrs. M. L. Brown was not present, but W. A. Brown was, and, as the witness understood, was acting as the agent of his wife. The witness, Reams, got there after the papers had all been drawn up, and he signed them as a witness. He testified (defendant objecting) that from what he heard James A. Fullwood and W. A. Brown say during the interview and conversation which took place after the papers had been delivered, he understood that if Mrs. Brown lost the land by the pending suit of Edward A. Fullwood, she was to be reimbursed out of the Henrietta Pringle bond and mortgage the $500 which she gave for the land, and although he could not give the precise language used, yet "that was what he understood from what both James A. Fullwood and W. A. Brown said at the time. He remembered that something was said about the risk of losing the land, and Mr. Fullwood said, You have the Pringle bond and mortgage as security for the $500; did not remember, however, whether this was said in the office of Col. Blanding, or after they had left it, but it was said that night before Fullwood, Brown, and himself had separated."

It is well established, as a general rule, that parol testimony is

inadmissible to contradict, vary, or alter a written instrument. It is not necessary to refer to authority to sustain this proposition, because it is familiar doctrine and well understood. While, however, there is no difficulty in recognizing the existence of this principle, there is, and has been, great difficulty in its application. And the question involved here is, not as to the rule, but has it been violated? Was the testimony of Reams introduced for the purpose of contradicting, varying, or altering the assignment of James A. Fullwood to his daughter, Mrs. Brown, or was that its legitimate effect? If so, it should have been rejected as violative of the rule suggested. If, however, its purpose was simply to explain the object and intent of the assignment, and not to contradict, alter, or vary its terms, then the rule above would not exclude it. On the contrary, such testimony would be admissible under the authority of that other equally as well established doctrine, that parol testimony is admissible to show that a conveyance even absolute in form was intended by the parties as an indemnity, or collateral security, the doctrine which allows a deed or conveyance of land absolute and unconditional on its face to be shown to have been intended as a mortgage. 1 *Jones Mort.*, § 333.

Now, what was the purpose of the testimony here? The execution of the assignment was admitted, or, at least, that is not in dispute. Its terms are plain and unambiguous. It transferred unconditionally the Pringle bond and mortgage to Mrs. Brown, of which she at once became the legal owner by the execution and delivery of said assignment. Did the testimony of Reams contradict, vary, or alter these terms, or the legal effect of the assignment? We think not. It did not contradict the assignment by denying that the bond and mortgage had been transferred, nor did it add other conditions, nor did it alter its terms, or change its character in any way. It simply explained its purpose and object, to wit, that it was to be held and used as an indemnity by Mrs. Brown against a liability to which her land was exposed. The assignment was intended to give her the means of protecting herself, and this was accomplished by the simple transfer of the bond and mortgage, without specifying in the assignment that such was its purpose. And if such was

really the purpose, we do not think that the general rule above, which no doubt excludes parol testimony from contradicting, varying, or altering a written paper, would be in the way of its being shown by evidence outside of the paper itself.

As to the sufficiency of the testimony. There is. no doubt that such testimony should be received with great caution and deliberately considered, but having been admitted its force and effect is with the tribunal hearing it, and in a case at law would be beyond our reach. Whether this case is one at law or chancery, was not discussed before us. The testimony seems to have been taken by the master and the case heard thereon by the judge, as an equity cause, but it was upon an ordinary money demand, and does not differ greatly from an ordinary action at law for money had and received, &c., and in that view the finding of fact by the Circuit Judge could not be reviewed by us. But supposing it to be a case in chancery, we cannot say that his honor erred in his conclusion that the assignment was intended by the parties as collateral security to Mrs. Brown, and, therefore, that the balance of the Pringle bond and mortgage, after satisfying the Edward A. Fullwood claim, should go to the plaintiff, &c.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.