20745

Brenda WILLIAMS, Appellant, v. Catherine Mims BARRY and Kate M. Barry, Respondents.

(247 S. E. (2d) 319)

*Barry B. George,* Columbia, *for appellant.*

*Belser, Kemmerlin & Ravenel,* Columbia, *for respondents.*

August 16, 1978.

RHODES, Justice:

This appeal is by the plaintiff from an adverse jury verdict in an action for personal injuries sustained in an automobile collision by reason of the alleged negligence of defendants. We affirm.

The appellant first complains of the refusal of the trial judge to allow the deposition of an absent witness to be read to the jury under the applicable provisions of Rule 87 of the Circuit Court Rules. The only foundation laid by the appellant to justify the use of the deposition was the testimony of another witness that he had not seen the deposed witness in "maybe six months" and the testimony of plaintiff that she had not seen the witness

"in a long time". Neither testified as to any effort to locate him. While the plaintiff's attorney stated to the court that he had been "unable to locate" the witness, there was no evidence of any effort expended to locate him or to have a subpoena issued.

In the recent case of *Stone v. Guaranty Bank & Trust Co.,* S. C., 242 S. E. (2d) 404 (1978), the trial judge allowed the deposition of a witness to be read upon the assertion of counsel that he understood the witness to be more than a hundred miles away in California. In reversing the trial judge, this Court said:

Counsel for respondent offered no evidence that any attempt had been made to contact Mr. Paschal concerning his availability to testify. No subpoena was issued to secure Mr. Paschal's attendance. Respondent did not indicate how long Mr. Paschal would be unavailable, and no foundation was laid for counsel's conclusion that Mr. Paschal was in California. The bare statement by respondent's counsel, without explanation, that he understood the witness to be in California is not a sufficient showing under Rule 87, Section D(3), and the lower court erred by admitting the deposition into evidence.

242 S. E. (2d) 406.

There is no essential difference in the facts here presented and those in *Stone*. The trial judge properly denied admission of the deposition.

The appellant next complains of error in the lower court's charge on contributory negligence. The court, after explaining to the jury that the former law barring a plaintiff from recovery if he were contributorily negligent to any degree had been changed, read to the jury Section 15-1-300, Code of Laws of South Carolina (1976). This section is commonly referred to as the comparative negligence statute and reads as follows:[1]

[1] The instant case was tried prior to this Court holding § 15-1-300 unconstitutional. *Marley v. Kirby,* S. C., 245 S. E. (2d) 604 (1978).

In any motor vehicle accident, contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or in injury to person or property, *if such contributory negligence was equal to or less than* the negligence which must be established in order to recover from the party against whom recovery is sought. [Emphasis added.]

However, in summarizing this principle of law at the close of his charge, the trial judge stated:

. . . even though you conclude Brenda Williams [the plaintiff] has proven her case, if you conclude that this defense as I have read it to you on contributory negligence *was proven to such an extent that it was equal to,* as I explained it and read you the statute, that would bar a recovery. [Emphasis added.]

It is clear from the emphasized portion of the charge that the judge incorrectly stated that if the plaintiff's contributory negligence equaled the negligence of the defendant such would bar recovery, whereas the statute provides a bar to recovery only if the contributory negligence of a plaintiff exceeds the negligence of the defendant. The appellant claims reversible error in this erroneous statement.

The error here must be considered in light of the fact that the judge fully charged the correct law at the appropriate stage of his charge, even emphasizing it by giving a resume of the old law. In the very course of the sentence where he fell into error, the trial judge twice qualified his statement by referring the jury to the statute which he had previously read in full.

In *Horn v. Southern Railway*, 78 S. C. 67, 58 S. E. 963 (1907) the defendant complained of a verbal slip by the trial judge in his charge on contributory negligence. This Court dealt with the problem on appeal as follows:

In imposing upon the defendant the burden of proving contributory negligence by a preponderance of the evidence,

the circuit judge by a verbal slip used language which might be construed to mean that the primary inquiry was whether the defendant had made out the defense of contributory negligence, rather than whether the plaintiff had proved the defendant's negligence as a proximate cause of injury. But at the beginning of the charge, in the clearest language, he had placed on the plaintiff the burden of proving by the preponderance of the evidence the allegation that the negligence of the defendant was a proximate cause producing injury to the plaintiff, and had charged the plaintiff could not recover without discharging this burden. So taking the instruction on this point as a whole, we do not think it could be inferred the jury were misled.
58 S. E. at 964.

This case falls within the rationale of *Horn*. When the entire charge of the trial judge on the issue is considered, we do not believe it can be reasonably inferred that the jury was misled. Finding no reversible error, we affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.