20866

LOUTHIAN & MERRITT, P. A., Attorneys for Deceased Petitioner, Appellants, v. Daniel W. DAVIS, Jr., Respondent. Nancy W. DAVIS, Appellant, v. Daniel W. DAVIS, Jr., Respondent.

(251 S. E. (2d) 757)

*Herbert W. Louthian,* of *Louthian & Merritt,* Columbia, *for appellants.*

*Joe E. Berry, Jr.,* of *Berry, Dunbar, Gibbes & Woods,* Columbia, *for respondent.*

January 30, 1979.

GREGORY, Justice:

The law firm of Louthian & Merritt, P. A., appeals from the order of the lower court denying its request for attorneys' fees in connection with prosecution of Nancy W. Davis' action for divorce against respondent Daniel W. Davis, Jr. The lower court held that Mrs. Davis' death prior to the entry of a judgment in the divorce action abated the entire divorce action and deprived the court of subject matter jurisdiction to award attorneys' fees. We affirm.

Mr. and Mrs. Davis were married on May 3, 1952. Each of their two children has reached the age of majority. In June 1974, Mrs. Davis initiated this action for divorce against Mr. Davis and sought temporary alimony, attorneys' fees, court costs and certain other relief. Mrs. Davis was awarded temporary alimony and attorneys' fees *pendente lite,* and the case was referred to the Standing Master for Richland County for a hearing on the merits. This hearing was conducted on April 5 and 6, 1976. Shortly thereafter, and before the Master had filed his report, Mrs. Davis died.

On April 19, 1977 the Master conducted a hearing to determine if the appellant was entitled to an award of attorneys' fees for the prosecution of Mrs. Davis' case. The respondent objected to the hearing and argued that Mrs. Davis' death abated appellant's claim for attorneys' fees. In his report dated July 27, 1977 the Master found that the respondent Mr. Davis should be required to pay eleven thousand ($11,000.00) dollars to appellant as attorneys' fees, plus the costs of the April 19, 1977 reference.

The matter then came before the Richland County Court on respondent's exceptions to the Master's report of July 27, 1977. The lower court found that Mrs. Davis' death abated

appellant's claim for attorneys' fees, and that the Master's report dated July 27, 1977 was null and void due to a lack of subject matter jurisdiction. This appeal by appellant followed.

It is held by the overwhelming weight of authority that an action for divorce, being purely personal, terminates on the death of either spouse, and where the action for divorce is commenced, and one of the parties dies thereafter but before the entry of a final decree, the action abates and the jurisdiction of the court to proceed with the action is terminated. See cases collected and reported in: 27A C.J.S. *Divorce* § 100; 24 Am. Jur. (2d) *Divorce and Separation* § 182; 104 A.L.R. 654; 158 A.L.R. 1205; and West's Decennial Digest, *Divorce,* Key 83. We recognized this rule in *Stone v. Guaranty Bank & Trust Co.,* 270 S. C. 331, 242 S. E. (2d) 404 (1978).

■ Applying this rule to the case at hand, Mrs. Davis' for divorce abated with her death prior to the entry of a final decree, and the jurisdiction of the lower court to proceed with the action terminated.

The appellant bases its claim for attorney's fee on Section 20-3-120, 1976 Code of Laws of South Carolina, which provides:

In every action for divorce from the bonds of matrimony, the wife, whether she be plaintiff or defendant, may in her complaint or answer or by petition pray for the allowance to her alimony and suit money and for the allowance of such alimony and suit money *pendente lite.* If such claim shall appear well founded the court shall allow a reasonable sum therefor.

Section 20-3-120 authorizes an award to the wife of an allowance for attorneys' fees "in every action for divorce." Section 20-3-120 only applies to actions for divorce, and in the absence of an action for divorce the lower court has no authority under Section 20-3-120 to make an award of attorneys' fees to the wife.

After Mrs. Davis' death there ceased to be an action for divorce pending in the lower court incidental to which the lower court could make an award of attorneys' fees to Mrs. Davis under Section 20-3-120.

Furthermore, under the plain terms of Section 20-3-120, if an award of attorneys' fees is made in an action for divorce, the award must be made to *the wife*. Section 20-3-120 does not authorize the lower court, in an action for divorce, to make the allowance directly to the wife's attorney. The wife's attorney is not a party to the divorce action and he can neither seek nor be awarded attorneys' fees from the husband. If a claim is made against the husband under Section 20-3-120 for attorneys' fees that claim can only be prosecuted by the wife. The wife's attorney

Appellant refers us to *Williams v. Williams,* 59 N. J. 229,

has no claim against the husband under Section 20-3-120.

The wife's claim for attorneys' fees under Section 20-3-120, being incidental to the divorce action, is purely personal, and is abated with the divorce action if either party dies before the entry of a final decree. This conclusion is mandated by the wording of Section 20-3-120, and is supported by similar holdings in other jurisdictions. See e.g.: *Hogsett v. Hogsett,* 409 S. W. (2d) 232 (Mo. App. 1966); *Rosenhouse v. Ever,* 150 So. (2d) 732 (Fla. App. 1963); and *Fitzgerald v. Williams,* 170 A. (2d) 777 (D. C. Mun. App. 1961).

Appellant refers us to *Williams v. Williams,* 59 N. J. 229, 281 A. (2d) 273 (1971) where the Supreme Court of New Jersey held that the wife's attorney could recover attorneys' fees from the husband where the divorce action was abated by the death of the wife before a final decree. The rule enunciated in *Williams* has been restated by the Superior Court of New Jersey in *Weiner v. Weiner,* 119 N. J. Super. 109, 290 A. (2d) 307 (1972) as follows:

The test used to determine the applicability of such an award is that if there can be no dispute that applicant would

be entitled to an award for fees and costs had the litigation proceeded to final judgment, then the applicant would be entitled to an award of fees and costs when the suit is terminated short of final judgment. 290 A. (2d) at 310.

In New Jersey, however, although attorneys' fees are paid to the litigant, they are considered as belonging to the attorney, and are held in trust by the litigant for the attorney. Thus, the attorney is actually considered a party of sorts to the proceedings wherein his fee is earned. *Williams, supra.*

This is not the case in South Carolina. Here, attorneys' fees are allowed to the litigant, not to the attorney, *Whittle v. Thompkins,* 94 S. C. 237, 77 S. E. 929 (1913), and if an attorney is to recover his fee, ordinarily his only recourse is against his client. *Caughman v. Caughman,* 247 S. C. 104, 146 S. E. (2d) 93 (1965); *Rankin v. Superior Auto Ins. Co. of Florence,* 237 S. C. 380, 117 S. E. (2d) 525 (1960). In *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1947) we recognized that it was error, albeit harmless error under the facts of that case, for the trial judge in a divorce action to make an award of attorneys' fees to the wife and then direct that the fee be paid directly to the wife's attorney.

If appellant is to be compensated for prosecuting Mrs. Davis' divorce action, it must look to its client, Mrs. Davis. The trial judge expressly noted in his order that appellant was not precluded from bringing an action to recover its fee from Mrs. Davis' estate.[1] We agree that this is the proper course for appellant to pursue.

Accordingly, the order of the lower court is affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.

---

[1] The parties have agreed in the statement of facts in the transcript of record and at oral argument that Mrs. Davis' will advises all her property to Mr. Davis and appoints him executor. Mrs. Davis' estate consists principally of fifty five (55) acres of land in Lexington County and one building. Appellant filed a claim for attorneys' fees against Mrs. Davis' estate on November 30, 1977.