# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Randall Seels, as the Personal Representative for the Estate of Olivia Seels Smalls, Respondent,

v.

Joe Truman Smalls, Petitioner.

Appellate Case No. 2021-000044

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Berkeley County
Jack A. Landis, Family Court Judge

---

Opinion No. 28103
Heard March 16, 2022 – Filed August 3, 2022

---

### AFFIRMED

---

Thomas Ray Sims Sr., of Orangeburg, for Petitioner.

Diane C. Current, of Current Law Firm, P.A., and Donald B. Clark, of Donald B. Clark, L.L.C., both of Charleston, for Respondent.

---

**CHIEF JUSTICE BEATTY:** This Court granted a petition for a writ of certiorari to review the decision of the court of appeals in *Seels v. Smalls*, Op. No. 2020-UP-275, 2020 WL 5814601 (S.C. Ct. App. filed Sept. 30, 2020), which held the family court properly retained jurisdiction to rule on an action seeking the

equitable apportionment of marital property after one of the parties, Olivia Seels Smalls ("Wife"), died during the pendency of the action. We affirm.

## I. FACTS

Wife and her husband, Joe Truman Smalls ("Husband"), were married in 1978 and had three children. The couple accumulated significant assets, including the marital home located in Goose Creek, Berkeley County; eighteen rental properties; and multiple retirement, checking, savings, and investment accounts. Both parties worked during the marriage and contributed to the acquisition of the marital assets.

The parties separated on or about July 2, 2014 when Wife left the marital home. On October 10, 2014, Wife filed the current action in the family court seeking an order that would, *inter alia*, (1) allow her to live separate and apart from Husband *pendente lite* and permanently, (2) restrain Husband from harassing her or cancelling her health insurance, (3) permit her to enter the marital home to retrieve her personal belongings, (4) provide separate support and maintenance and/or alimony *pendente lite* and permanently, and (5) equitably apportion the marital property.

Wife alleged she was in poor health and had been subjected to an extended pattern of abusive behavior from Husband, which escalated after she underwent surgery for lung cancer in 2013. Wife also alleged Husband committed adultery at various times during their marriage. Husband filed an answer denying the allegations and asserting counterclaims. He likewise sought a divorce and equitable apportionment of the marital assets. The parties engaged in mediation, but Wife suffered a recurrence of cancer and they never formally entered into a signed agreement resolving their dispute.

Wife passed away unexpectedly on December 17, 2015. Wife's brother, Randall Seels ("Seels"), was subsequently appointed the personal representative of Wife's estate. Seels moved to be substituted as the plaintiff in the case. Husband, however, sought dismissal of the action, arguing the entire matter had abated upon Wife's death.

By order filed April 26, 2016, the family court granted the motion to substitute Seels as the plaintiff and ruled the claim for equitable apportionment, unlike claims for divorce or support, did not abate upon Wife's death. The family court explained:

> South Carolina case law provides that, although the issues of divorce and support are abated if one spouse dies during the pendency of the case, the issue of property division is not abated, each party's interest in the marital

property becomes vested and fixed upon the filing of the marital litigation and the Family Court retains jurisdiction to identify and apportion the marital property[.]

Thereafter, following a hearing on several motions filed by Seels, the family court issued an order in November 2016 that set a schedule to complete discovery, required the parties to attend mediation, and asked the parties to identify the potential witnesses for trial (should mediation fail). The family court noted it had rejected Husband's oral objection that the family court lacked subject matter jurisdiction because Wife died before a written agreement was reached between the parties.

The family court heard the case on the merits in May 2017. On September 28, 2017, it issued a final order equitably apportioning the parties' marital property into 50/50 shares. The court again noted that it had denied Husband's motions to dismiss the matter based on a purported lack of subject matter jurisdiction.

Husband appealed, and the court of appeals affirmed the family court's rulings regarding jurisdiction and equitable apportionment. *Seels v. Smalls*, Op. No. 2020-UP-275, 2020 WL 5814601 (S.C. Ct. App. filed Sept. 30, 2020). This Court granted Husband's petition for a writ of certiorari, which challenged only whether the family court had subject matter jurisdiction to rule on the issue of equitable apportionment.

## II. STANDARD OF REVIEW

"Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Majors v. S.C. Sec. Comm'n*, 373 S.C. 153, 159, 644 S.E.2d 710, 713 (2007). A judgment from a court that does not have subject matter jurisdiction is void ab initio. *Kosciusko v. Parham*, 428 S.C. 481, 492, 836 S.E.2d 362, 368 (Ct. App. 2019).

"The question of subject matter jurisdiction is a question of law." *Byrd v. McDonald*, 417 S.C. 474, 478, 790 S.E.2d 200, 202 (Ct. App. 2016) (citation omitted). "The jurisdiction of a court is determined by the sovereign creating it," so reference must be made to local law, such as the constitution and the laws of the state. *Peterson v. Peterson*, 333 S.C. 538, 547–48, 510 S.E.2d 426, 431 (Ct. App. 1998) (citation omitted).

The subject matter jurisdiction of the family court and the probate court are set forth in the South Carolina Code. *See generally* S.C. Code Ann. § 63-3-530 (2010 & Supp. 2021) (family court); S.C. Code Ann. § 62-1-302 (2022) (probate court). Consequently, the current appeal necessarily involves a question of statutory

interpretation.  *See Singh v. Singh*, 434 S.C. 223, 229, 863 S.E.2d 330, 333 (2021) (recognizing "family courts are statutory in nature and therefore possess only that jurisdiction specifically delegated to them by the South Carolina General Assembly"); *Judy v. Judy*, 393 S.C. 160, 169, 712 S.E.2d 408, 412 (2011) (observing the probate court is not a constitutional court and has only such jurisdiction as may be provided by the General Assembly, consistent with article V, section 12 of the South Carolina Constitution); *see also* S.C. Const. art. V, § 12 ("Jurisdiction in matters testamentary and of administration . . . shall be vested as the General Assembly may provide, consistent with the provisions of Section 1 of this article."). The proper interpretation of a statute presents a question of law.  *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

Questions of law involving subject matter jurisdiction and statutory interpretation are reviewed de novo, without deference to the lower courts.  *See id.* ("[T]his Court reviews questions of law of law de novo."); *see also Singh*, 434 S.C. at 228, 863 S.E.2d at 332 ("Generally, appellate courts review the decision of the family court de novo, with the exception of evidentiary and procedural rulings.").

## III.  DISCUSSION

As previously noted, Wife initiated this action in the family court for, *inter alia*, equitable apportionment of the marital assets.  It is undisputed that the family court had subject matter jurisdiction over this issue at the time the pleadings were filed.  Husband, however, contends the court of appeals erred in holding the family court retained its exclusive jurisdiction to equitably apportion the marital property because the action abated upon Wife's death and the probate court acquired exclusive original jurisdiction over her assets.

Seels asserts, in contrast, that the court of appeals correctly followed existing precedent in affirming the family court's ruling that claims for equitable apportionment do not abate upon the death of a party.  Seels maintains the family court retained its jurisdiction to substitute the personal representative of Wife's estate for Wife and issue a ruling identifying and apportioning the marital property.  Seels states that, once this process was completed, the probate court, in exercising its exclusive original jurisdiction over Wife's estate, would then be positioned to make the decisions regarding the ultimate disposition of any of Wife's property that was included in her estate.  We agree with Seels.

We shall first examine the statutes governing the jurisdiction of the family court and the probate court, as well as provisions allowing concurrent jurisdiction,

before turning to a consideration of principles of statutory interpretation and existing precedent.

## A. Family Court's Jurisdiction

In section 63-3-530 of the South Carolina Code, the South Carolina General Assembly has statutorily vested the family court with "exclusive jurisdiction" over "domestic matters," including actions for the equitable apportionment of marital property:

> (A) The family court has **exclusive jurisdiction**:
>
> . . . .
>
> (2) to hear and determine actions for divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties, and **for settlement of all legal and equitable rights of the parties** in the actions in and **to the real and personal property of the marriage** and attorney's fees, if requested by either party in the pleadings[.]

S.C. Code Ann. § 63-3-530(A)(2) (2010) (emphasis added). Jurisdiction to identify and determine a party's rights to marital property is just one of forty-six areas of exclusive jurisdiction enumerated in subsection (A).

The family court's exclusive jurisdiction over equitable apportionment extends to marital property; it has no jurisdiction over nonmarital property. S.C. Code Ann. § 20-3-630(B) (2014). "Marital property" is defined as "all real and personal property [that] has been acquired by the parties during the marriage and [that] is owned **as of the date of filing** or commencement of **marital litigation** as provided in Section 20-3-620 regardless of how legal title is held," except for certain classes of property that constitute nonmarital property (e.g., inherited items, gifts from a party other than the spouse, property acquired prior to marriage, property excluded by contract). *Id.* § 20-3-630(A) (emphasis added).

The family "court shall make a final equitable apportionment between the parties of the parties' marital property upon request by either party in the pleadings" that seek a divorce, separate support and maintenance, or the disposition of the property when a prior court lacked jurisdiction, or "in other marital litigation between the parties." *Id.* § 20-3-620(A).

Wife's initiation of an action for divorce and equitable apportionment qualifies as "marital litigation." *See id.*; *see also Brown v. Brown*, 295 S.C. 354, 358, 368 S.E.2d 475, 477 (Ct. App. 1988) ("Marital litigation is litigation which seeks to alter or terminate the marital status of the parties.").

Section 20-3-610 provides each spouse has a "vested" right in the "marital property," which is defined—and subject to apportionment "by the family courts of this State"—at the moment the marital litigation is filed:

> During the marriage a spouse shall acquire, based upon the factors set out in Section 20-3-620, **a vested special equity and ownership right in the marital property** as defined in Section 20-3-630, which equity and ownership right are **subject to apportionment** between the spouses **by the family courts** of this State **at the time marital litigation is filed** or commenced as provided in Section 20-3-620.

S.C. Code Ann. § 20-3-610 (2014) (emphasis added).

## B. Probate Court's Jurisdiction

The subject matter jurisdiction of the probate court is outlined in section 62-1-302, which provides in relevant part that the probate court has "exclusive original jurisdiction" over the "estates of decedents, including . . . determination of property in which the estate of a decedent . . . has an interest":

> (a) To the full extent permitted by the Constitution, and **except as otherwise specifically provided**, the probate court has **exclusive original jurisdiction** over all subject matter related to:
>
> > (1) **estates of decedents, including** the contest of wills, construction of wills, **determination of property in which the estate of a decedent** or a protected person **has an interest**, and determination of heirs and successors of decedents and estates of protected persons, **except that the circuit court also has jurisdiction to determine heirs and successors as necessary to resolve real estate matters**, including partition, quiet title, and other actions **pending** in the circuit court[.]

S.C. Code Ann. § 62-1-302(a)(1) (2022) (emphasis added).

## C. Provisions Regarding Concurrent Jurisdiction

The South Carolina General Assembly has provided for several areas of concurrent jurisdiction among the family court, the probate court, and the circuit court. Section 62-1-302, the probate court's jurisdictional statute, contains several, including the one quoted above in subsection (a)(1) regarding the concurrent jurisdiction of the probate court and the circuit court. *See id.*

Concurrent jurisdiction is also referenced in subsection (c) of the same statute, which provides for the concurrent jurisdiction of the probate court and the family court over the following:

> (c) The probate court has jurisdiction to hear and determine issues relating to [1] paternity, [2] common-law marriage, and [3] interpretation of marital agreements **in connection with estate**, trust, guardianship, and conservatorship actions **pending before it, concurrent with that of the family court** pursuant to Section 63-3-530 [setting forth the family court's subject matter jurisdiction in domestic matters].

*Id.* § 62-1-302(c) (emphasis added).

In addition, the family court's jurisdictional statute (section 63-3-530) contains a similar provision giving the probate court concurrent jurisdiction with the family court in only three specified instances involving paternity, common-law marriage, or the interpretation of a marital agreement:

> (B) Notwithstanding another provision of law, the family court and the probate court have **concurrent jurisdiction** to hear and determine matters relating to [1] paternity, [2] common-law marriage, and [3] interpretation of marital agreements; **except that the concurrent jurisdiction of the probate court extends only to matters dealing with the estate, trust, and guardianship and conservatorship actions before the probate court**.

S.C. Code Ann. § 63-3-530(B) (2010) (emphasis added).[1]

## D. Statutory Interpretation & Precedent

Because the Court is faced with several statutes potentially impacting the determination of jurisdiction in this matter, the Court must apply rules of statutory interpretation in accordance with established principles.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). The plain language of a statute is the best evidence of the legislature's intent. *Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 538, 725 S.E.2d 693, 697 (2012).

It is also a long-standing principle of statutory analysis that the implied repeal of statutes is not favored. *Hodges*, 341 S.C. at 88, 533 S.E.2d at 583. Rather, statutes touching upon the same subject matter must be read in harmony to give effect to each whenever possible, as it is presumed that the legislature is familiar with prior legislation and, if it intended to repeal an existing law, it would expressly do so. *Id.* at 88–89, 533 S.E.2d at 583. "The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded." *Id.* at 87, 533 S.E.2d at 582 (citation omitted).

In construing the interplay of the foregoing statutes, Husband argues section 62-1-302 gives the probate court exclusive original jurisdiction over Wife's marital property because the family court action was abated upon Wife's passing and should have been dismissed. Husband asserts a case relied on by both the family court and the court of appeals, *Hodge v. Hodge*, 305 S.C. 521, 409 S.E.2d 436 (Ct. App. 1991), is distinguishable because (1) the death of the party in *Hodge* occurred later in the proceedings (on appeal), and (2) *Hodge* is outdated as the statutory law cited therein was later changed by the General Assembly. We disagree with Husband on both points.

In *Hodge*, a wife brought an action for separate support and maintenance and equitable apportionment. The family court identified and apportioned the marital property, and both spouses appealed. The husband died while the appeal was pending, and his estate was substituted as a party. The court of appeals (the "*Hodge* court") considered "the issue of whether a spouse's vested interest in marital property

---

[1] This Court abolished common-law marriage prospectively in *Stone v. Thompson*, 428 S.C. 79, 833 S.E.2d 266 (2019).

arising from marital litigation is divested by the death of the litigant's spouse." *Id.* at 522, 409 S.E.2d at 437.

The *Hodge* court stated the "linchpin" of its reasoning was the General Assembly's use of the word "vested" in section 20-7-471 (now codified as section 20-3-610), which states the filing of marital litigation gives rise to a "vested" equity and an ownership right in marital property that are subject to apportionment by the family court at the time the marital litigation is filed. *Id.* at 524, 409 S.E.2d at 438–39 (citing the former S.C. Code Ann. § 20-7-471 (Supp. 1990)).

In considering whether the family court matter was abated by one spouse's death, the *Hodge* court relied on the statute setting forth the subject matter jurisdiction of the family court in domestic matters, section 20-7-420 (now reorganized as section 63-3-530), which provides the family court has "exclusive jurisdiction" over the settlement of legal and equitable rights of the parties to real and personal marital property in the course of marital litigation. *Id.* at 525, 409 S.E.2d at 439 (citing S.C. Code Ann. § 20-7-420 (Supp. 1990)).

The *Hodge* court stated: "Since we hold that the wife's interest in the marital property was vested and therefore fixed by the institution of marital litigation, we hold that the only court which has jurisdiction to divide the marital estate is the Family Court, subject, of course, to appeal." *Id.* The *Hodge* court concluded the "action did not abate with respect to the issues relating to the equitable division of vested marital property." *Id.* The Hodge court observed that, although its decision "is necessarily based upon the statutory law of South Carolina, [the] decision [also] comports with the rule applied by the vast majority of the courts of this nation." *Id.*

We agree with the assessment of the court of appeals in the current matter that the timing of the husband's death in *Hodge* was not outcome determinative, and the simple reorganization of the applicable statutes in the South Carolina Code did not affect their underlying substance. Vested property rights are fundamental rights that can survive the death of a party, and they inure to the benefit of the party's estate.

This result accords with other South Carolina precedent, which has recognized that pending actions for divorce and support abate upon the death of a spouse, while pending actions regarding the "vested" interest of each spouse in the marital property do not and remain, instead, within the exclusive purview of the family court. *See generally Louthian & Merritt, P.A. v. Davis*, 272 S.C. 330, 332, 251 S.E.2d 757, 758 (1979) ("It is held by the overwhelming weight of authority that an action for divorce, being purely personal, terminates on the death of either spouse, and where the action for divorce is commenced, and one of the parties dies thereafter but before

the entry of a final decree, the action abates and the jurisdiction of the court to proceed with the action is terminated."); *Brown v. Butler*, 347 S.C. 259, 264–65, 554 S.E.2d 431, 433–34 (Ct. App. 2001) (holding the family court did not have jurisdiction over the wife's action to set aside an allegedly fraudulent conveyance of property by her deceased husband, where the action was brought during the husband's lifetime but the purpose of the case was not to apportion marital property); *Hillman v. Pinion*, 347 S.C. 253, 257, 554 S.E.2d 427, 429 (Ct. App. 2001) ("This court has held that the death of one party to an action does not abate an action for equitable distribution." (citing *Hodge*, 305 S.C. at 525, 409 S.E.2d at 439)); *Bayne v. Bass*, 302 S.C. 208, 209, 394 S.E.2d 726, 726–27 (Ct. App. 1990) (holding where a ruling granting a divorce was announced on the bench but the order was not yet signed and filed by the family court judge, the action abated upon the death of the wife because, until an order is filed with the clerk of court, it is subject to change by the judge and is not final).

The distinction is based on the historical recognition by courts that claims that are purely personal in nature abate upon the death of a party, whereas claims that primarily concern property interests do not—and a personal representative may, therefore, be substituted on behalf of the decedent's estate—because such actions can still achieve their primary purpose. *See, e.g.*, *Olofson v. Olofson*, 625 S.W.3d 419, 429–30 (Mo. 2021) (en banc) (making this distinction). In addition, the *Hodge* court cited the tendency of many jurisdictions to allow actions regarding property issues to continue despite the death of a party. *See Hodge*, 305 S.C. at 525, 409 S.E.2d at 439 (first citing Francis M. Dougherty, Annotation, *Effect of Death of Party to Divorce Proceeding Pending Appeal or Time Allowed for Appeal*, 33 A.L.R.4th 47 (1984); and then 24 Am. Jur. 2d *Divorce and Separation* § 176–77 (1983)).

The family court's resolution of claims to marital property initiated during the lifetimes of the parties is a necessary complement and predicate to the probate court's proper administration of estates. The Supreme Court of New Mexico has specifically recognized this fact and discussed the need to conclude a matter identifying and apportioning the marital assets before administering the estate of a party, stating: "When a party to a pending divorce action dies before a final divorce decree is entered, the decedent's estate cannot be immediately distributed in probate because the extent of the property owned by the decedent is unknown." *Oldham v. Oldham*, 247 P.3d 736, 744 (N.M. 2011). The New Mexico court explained:

> For example, if a party to a pending divorce dies intestate, the domestic relations court must determine the extent of the decedent's separate property and share of the

community property in order to determine what property will pass by intestacy. If a party to a pending divorce dies with a valid will, the domestic relations proceeding must first determine the property over which the decedent can exercise the power of testamentary disposition. If a decedent's will has a residuary clause or pour-over provision, the domestic relations proceeding must determine what property will pass via that residuary clause or pour-over provision. The domestic relations proceedings must therefore be completed first.

*Id.*

Similarly, in *Stone v. Guaranty Bank & Trust Co.*, 270 S.C. 331, 335, 242 S.E.2d 404, 405 (1978), a case that predates the statutory creation of South Carolina's family court, this Court noted Stone had appealed orders of divorce and contempt, and the executor of his estate had been substituted as a party after his death. Although the Court found Stone's death abated his counterclaim for a divorce and rendered contempt proceedings against him moot, it found Stone's "appeal may continue in favor of his estate to the extent the lower court's order affects the property rights of the parties." *Id.* at 335–36, 242 S.E.2d at 405–06. The Court stated, "The appeal continues 'for the ascertainment of whether (Mr. Stone's) property has been rightfully diverted from its appropriate channel of devolution.'" *Id.* at 336, 242 S.E.2d at 406 (alteration in original) (citation omitted). In other words, it was necessary to first properly determine Stone's right to marital property because it would impact the distribution of his estate.

Returning to the matter currently before the Court, we hold the court of appeals did not err in finding the family court retained jurisdiction to identify and apportion the marital property of the parties. The statutory provisions concerning the subject matter jurisdiction and procedures of the family court and the probate court can be read in harmony in order to give effect to all provisions.

In summary, section 63-3-530, governing the family court's subject matter jurisdiction, provides in subsection (A)(2) that the family court has "exclusive jurisdiction" to settle all legal and equitable rights regarding marital property. Importantly, in section 20-3-610, the General Assembly has confirmed that each spouse has a "vested special equity and ownership right in the marital property" that is subject to apportionment by the family court at the time marital litigation is filed. Further, the definition of "marital property" in subsection 20-3-630(A) provides "marital property" is all property acquired or owned by the parties as of the date

marital litigation is filed, regardless of how it is titled, so marital property essentially springs into existence as a legally defined concept at that moment in time.

As to the probate court, subsection 62-1-302(a)(1) gives that court exclusive original jurisdiction over the estates of decedents, including a determination of the property in which the decedent has an interest. The General Assembly has provided the probate court has concurrent jurisdiction with the family court in three instances—issues regarding paternity, common-law marriage, and the interpretation of marital agreements—to the extent they arise in the context of an estate action. Those circumstance are not present here. *See generally Hodges*, 341 S.C. at 87, 533 S.E.2d at 582 ("The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded." (citation omitted)).

In any event, a provision allowing concurrent jurisdiction is not an abrogation of jurisdiction by the family court. If the General Assembly had intended this result, it could have included this point in the plain language of the statutes governing the jurisdiction of the two courts. It did not do so, and principles of statutory interpretation do not favor implying such a result in the absence of any indicia that this was, in fact, the General Assembly's intent. *See id.* at 88–89, 533 S.E.2d at 583 (noting repeal by implication is not favored).

Because Wife initiated this marital litigation in the family court during the parties' lifetimes, the parameters of the marital property were already fixed and the family court acquired exclusive jurisdiction over the issue of equitable apportionment at that time. *See Gilley v. Gilley*, 327 S.C. 8, 10–11, 488 S.E.2d 310, 312 (1997) ("The general rule is that jurisdiction of a court depends upon the state of affairs existing at the time it is invoked. If jurisdiction once attaches to the person and subject matter of the litigation the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached." (quoting *Gardner v. Gardner*, 253 S.C. 296, 302, 170 S.E.2d 372, 375 (1969))). Wife's rights had already vested upon the filing of marital litigation, so it became incumbent on the family court to first conclude this matter in its exclusive jurisdiction so the probate court could then exercise its exclusive original jurisdiction over the distribution of Wife's estate.

In addition to the lack of any overt intent by the General Assembly to divest the family court of jurisdiction in these circumstances, we note the General Assembly has not enacted any comparable statutory procedures for the probate court to follow in identifying and equitably apportioning marital property, as it has for the family court. *Cf.* S.C. Code Ann. § 20-3-620(B) (2014) (enumerating an extensive

list of fifteen factors for the family court to weigh in making the apportionment). Thus, the family court is in the best position to decide issues affecting marital property in light of the long-standing, detailed statutory procedures governing the family court's exercise of exclusive jurisdiction over this subject matter.

## IV. CONCLUSION

South Carolina statutes confer exclusive jurisdiction on the family court to equitably apportion marital property. There is nothing in the statutes governing either the family court or the probate court specifically abrogating that jurisdiction, and implied repeal is not favored. South Carolina precedent has found the death of a party does not abate the issue of equitable apportionment. Further, we note the family court is best suited to decide issues affecting marital property in accordance with long-standing statutory procedures, particularly where no comparable statutory procedures have been enacted for the probate court. Based on the foregoing, we hold the court of appeals did not err in determining the family court properly retained jurisdiction to rule on the action for equitable distribution and affirm.[2]

**AFFIRMED.**

**KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[2] On appeal to this Court, Husband has challenged only the family court's subject matter jurisdiction. In light of our holding as to jurisdiction, the family court's ruling as to the merits of the equitable apportionment is conclusive.